**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV F 03-5679 AWI SMS |
| | ) | |
| Plaintiff, | ) | ORDER DISCHARGING MINUTE |
| | ) | ORDER CONCERNING DISMISSAL |
| v. | ) | FOR LACK OF PROSECUTION |
| | ) | |
| $11,918.00 IN U.S. CURRENCY, | ) | ORDER VACATING FEBRUARY 12, |
| Defendant. | ) | 2007 HEARING DATE |
| _____ | ) | |

On May 23, 2003, the United States of America filed this action for the forfeiture of $11,918.00 in United States Currency.   On April 15, 2004, Augustina Arroyo filed a claim of ownership concerning the currency at issue.   On February 19, 2005, and again on May 9, 2006, the United States' attorney was changed.

On January 5, 2007, the Clerk of the Court issued a minute order setting a hearing in this action to determine if it should be dismissed for lack of prosecution.   On January 31, 2007, the United States filed an opposition to the dismissal of this action.

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  In determining whether to dismiss an action for lack of prosecution the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

alternatives. <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995); <u>Ferdik</u>, 963 F.2d at 1260-61.

At this time, the court finds dismissal is not appropriate. The United States presents evidence that the delay in prosecuting this case is partly due to the reasonable time it took to educate potential claimants, the United States' lengthy attempts to settle this action, and the changeover in attorneys representing the United States. More importantly, the current attorney representing the United States has informed the court that she is now ready to proceed with this action and could file a dispositive motion within thirty days. The court's interest in maintaining its docket and the public's interest in the expeditious resolution of litigation weigh against dismissal because the United States is currently able and willing to fully litigate this action. Public policy also favors disposition of cases on their merits. Dismissal is a drastic sanction, and there are other tools available to the court to ensure that it will be timely litigated. Finally, the risk of prejudice to any clamant is minimal because only one claimant has filed a claim and this claimant can no longer be found by the court or the United States. Thus, this action will not be dismissed for lack of prosecution at this time.

Accordingly, the court ORDERS that:

1. The January 5, 2007 minute order concerning dismissal for lack of prosecution is DISCHARGED;
2. The February 12, 2006 hearing is VACATED and no party or claimant need appear at that time; and
3. Within fifteen days of this order's date of service, the United States is ORDERED to contact the Chambers of Magistrate Judge Sandra M. Snyder to arrange for a scheduling conference.

IT IS SO ORDERED.

Dated:     February 8, 2007              /s/ Anthony W. Ishii
0m8i78                                   UNITED STATES DISTRICT JUDGE

2