1
2
3
4
5
6             UNITED STATES DISTRICT COURT
7                EASTERN DISTRICT OF CALIFORNIA
8
9  UNITED STATES OF AMERICA,      ) 1:03-cv-05679-AWI-SMS
                                  )
10              Plaintiff,        ) FINDINGS AND RECOMMENDATIONS RE:
                                  ) PLAINTIFF'S MOTION TO STRIKE
11       v.                       ) ANSWER OF CLAIMANT JOSE MARIA
   $11,918.00, et al.,            ) ARROYO, SR. (DOC. 32)
12                                )
                Defendants.       ) FINDINGS AND RECOMMENDATIONS RE:
13                                ) PLAINTIFF'S MOTION FOR DEFAULT
   _____) JUDGMENT AGAINST CLAIMANT JOSE
14                                  MARIA ARROYO, SR. (DOC. 32)
15
16
17        Plaintiff is proceeding with a civil action in this Court.
18  The matter has been referred to the Magistrate Judge pursuant to
    28 U.S.C. § 636(b) and Local Rules 72-302(c)(3) and 72-303.
19
20        Pending before the Court are two motions filed in the same
    docketed document (Doc. 32), a motion to strike the answer of
21  claimant Jose Maria Arroyo, Sr., and a motion for default
22  judgment against Claimant Jose Maria Arroyo, Sr.
23
24        The motions, filed on July 11, 2007, included notices, a
    motion, an ex parte application, supporting memoranda, a
25  declaration of Stephanie Hamilton Borchers with attached
26  stipulation, order, and judgment, a proposed order, and a
27  certificate of service. No Defendant or claimant has filed any
28

                                 1

opposition to the motion. The hearing on these motions was vacated, and the matter has been submitted to the Court for decision.

I. <u>Motion to Strike Answer</u>

A. <u>Legal Standards</u>

Plaintiff moves to strike the answer pursuant to Fed. R. Civ. P. 12(f), which provides as follows:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

A court may strike a document that does not conform to the formal requirements of the pertinent rules of court. <u>Transamerican Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa.</u>, 143 F.R.D. 189, 191 (N.D. Ill. 1992).

The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. <u>Sidney-Vinstein v. A.H. Robins Co.</u>, 697 F.2d 880, 885 (9th Cir.1983). Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), <u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>, 510 U.S. 517 (1994). Immaterial portions of a pleading that do not give fair notice of a claim or defense may be stricken by the Court sua sponte or upon motion. <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86-87 (2nd

2

cir. 1995). Impertinent matter is defined as "statements that do
not pertain, and are not necessary, to the issues in question."
<u>Fantasy, Inc</u>. 984 F.2d at 1527. Granting a motion to strike may
be proper if it will make the trial less complicated or if
allegations being challenged are so unrelated to plaintiff's
claims as to be unworthy of any consideration as a defense and
that their presence in the pleading will be prejudicial to the
moving party. <u>Id</u>. Superfluous historical allegations are a proper
subject of a motion to strike. See, e.g., <u>Healing v. Jones</u>, 174
F.Supp. 211, 220 (D.Ariz.1959). Scandalous pleadings are those
that reflect cruelly upon the defendant's moral character, use
repulsive language, or detract from the dignity of the Court.
<u>Skadegaard v. Farrell</u>, 578 F.Supp. 1209, 1221 (D.C.N.J. 1984),
*overruled on other grounds by* <u>Aitchison v. Raffiani</u>, 708 F.2d 96
(3d Cir. 1983).

     In this in rem action for forfeiture, both the general
Federal Rules of Civil Procedure and the Supplemental Rules for
Certain Admiralty and Maritime Claims (Supp. R.) apply, but the
latter rules prevail if there is an inconsistency. Supp. R. A(1).
Supp. R. G(1) provides that the rule governs a forfeiture action
in rem arising from a federal statute; to the extent that Rule G
does not address an issue, Supp. Rules C and E also apply.

     Supp. Rule G took effect in December 2006 and was adopted by
order dated April 12, 2006, in which the Supreme Court of the
United States stated in pertinent part:

          3. That the foregoing amendments to the Federal Rules
     of Civil Procedure and the Supplemental Rules for
     Admiralty or Maritime Claims and Asset Forfeiture
     Actions shall take effect on December 1, 2006, and
     shall govern in all proceedings thereafter commenced

3

and, insofar as just and practicable, all proceedings
then pending.

(See, www.uscourts.gov/rules/Letters-Orders.pdf, Transmittal

Letters to Congress and Supreme Court Orders, Order of April 12,

2006.)

        Thus, it appears that the Court intended that the new rules

apply to presently pending cases if just and practicable.

Although it is generally presumed that a change in a substantive

statute will not apply retroactively, a procedural rule changed

after the commencement of a suit may generally be applied to the

suit without raising concerns about retroactivity because of

diminished reliance interests in matters of procedure and because

rules of procedure generally regulate secondary rather than

primary conduct. The application of a new rule of procedure

ordinarily depends upon the posture of the particular case.

Landgraf v. USI Film Products, 511 U.S. 244, 275 (1994).

        Here, although the government's giving of notice preceded

the effective date of Supplemental Rule G, it does not appear

that applying those rules, which the comment reveals incorporate

a commonsense approach to notice grounded in defined and

recognized principles of due process of law, would affect any

substantive right or obligation relating to the merits of the

case. Supp. Rule G, Adv. Comm. Note on 2006 Adoption. The

advisory committee note indicates that the rule was added to

bring together the central procedures governing civil forfeiture

actions; it also states that the rule generally applies to

actions governed by the Civil Asset Forfeiture Reform Act of 2000

(CAFRA) as well as those excluded from it; thus, the intended

4

scope of application is very broad. The rule permits flexibility
as to the time of service of any warrant and supplemental
process. Id. The provisions for notice incorporate the
traditional means of publication and adopt the general principle
that notice should be effectuated by means reasonably calculated
to reach potential claimants at a cost reasonable in the
circumstances, and actual notice precludes a challenge to the
government's failure to comply with the specific requirements of
the rule set forth in Rule G (4)(b). Id.

Accordingly, the Court will apply Supplemental Rule G unless
injustice or impracticality would result.

Supp. R. G requires the claimant to file a claim and answer
as follows:

(5) Responsive Pleadings.

(a) Filing a Claim.

(i) A person who asserts an interest in the defendant
property may contest the forfeiture by filing a claim
in the court where the action is pending. The claim must:

(A) identify the specific property claimed;
(B) identify the claimant and state the claimant's
interest in the property;
(C) be signed by the claimant under penalty of
perjury; and
(D) be served on the government attorney designated
under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

(ii) Unless the court for good cause sets a different
time, the claim must be filed:

(A) by the time stated in a direct notice sent
under Rule G(4)(b);
(B) if notice was published but direct notice was
not sent to the claimant or the claimant's attorney,
no later than 30 days after final publication of
newspaper notice or legal notice under Rule G(4)(a)
or no later than 60 days after the first day of
publication on an official internet government
forfeiture site; or
(C) if notice was not published and direct notice

was not sent to the claimant or the claimant's
attorney:
    (1) if the property was in the government's
    possession, custody, or control when the complaint
    was filed, no later than 60 days after the filing,
    not counting any time when the complaint was under
    seal or when the action was stayed before
    execution of a warrant issued under Rule G(3)(b);
    or
    (2) if the property was not in the government's
    possession, custody, or control when the complaint
    was filed, no later than 60 days after the
    government complied with 18 U.S.C. § 985(c)
    as to real property, or 60 days after process
    was executed on the property under Rule G(3).

(iii) A claim filed by a person asserting an interest
as a bailee must identify the bailor, and if filed on
the bailor's behalf must state the authority to do so.

(b) Answer. A claimant must serve and file an answer
to the complaint or a motion under Rule 12 within
20 days after filing the claim. A claimant waives an
objection to in rem jurisdiction or to venue if the
objection is not made by motion or stated in the answer.

 With respect to motions to strike, Supp. R. G(8)(c)(i)(A)
provides:

(c) Motion To Strike a Claim or Answer.

(i) At any time before trial, the government may move
to strike a claim or answer:

    (A) for failing to comply with Rule G(5) or (6),
    or
    (B) because the claimant lacks standing.

(ii) The motion:

    (A) must be decided before any motion by the
    claimant to dismiss the action; and
    (B) may be presented as a motion for judgment
    on the pleadings or as a motion to determine
    after a hearing or by summary judgment whether
    the claimant can carry the burden of establishing
    standing by a preponderance of the evidence.

    B. Analysis

        1. Duty to Respond

Plaintiff has established that in initiating and carrying

1  the action forward, Plaintiff gave the required notice in order

2  to cause the claimant's obligation to respond to arise.

3      On May 23, 2003, the complaint was filed alleging a claim

4  for civil forfeiture in rem of the Defendant currency, which was

5  seized on January 19, 2003, and adopted for forfeiture by the

6  Drug Enforcement Administration (DEA) after a search by the

7  Tulare County Sheriff's Department of the residence of Jose Maria

8  Arroyo and Augustina Arroyo. The claim for forfeiture was based

9  on the currency's having been furnished or intended to be

10 furnished in exchange for a controlled substance, or being

11 proceeds thereof, or being used or intended to be used to

12 facilitate a violation of the statutes pertaining to controlled

13 substances. (Cmplt. pp 2-4.) It was alleged that claimant Jose

14 Maria Arroyo, Sr., sold methamphetamine to a confidential

15 informant; over $9,000.00 of the currency was found in claimant's

16 bedroom under the bed, and over $2,000 was found in his pocket.

17 (Id. p. 3.)

18      Arrest of the property occurred on June 20, 2003, and

19 complied with the requirements of Supp. R. G(3)(b) and (c).

20 (Decl. of marshal dated June 20, 2003, document following

21 document 3 in the docket.)

22      Notice of the action, containing all the contents required

23 by Supp. R. G(4) [description of the property, the time to file a

24 claim, name of the government attorney to be served with the

25 claim and answer], was published on August 15, 22, and 29, 2003,

26 in the Visalia Times Delta, a newspaper of general circulation;

27 thus, the publication met the requirements of Supp. R. G(4)(a)

28 [once a week for three consecutive weeks].

Further, direct notice of the action was effectively given to the claimant as a known potential claimant when in June 2003, the complaint, warrant and summons for arrest, notice concerning availability of a Magistrate Judge, other notices, and letter dated June 17, 2003, were served by certified mail on claimant's counsel, Antonio A. Reyes. (Decl. of Borchers, Ex. A, letter and signed receipt bearing date of June 18, 2003.) The notice was of a type permitted by Supp. R. G(4)(b). The warrant, summons, and letter informed him that a verified claim had to be filed with the Court within thirty days of receipt of the letter, and an answer filed within twenty days of the filing of the claim. (Id.) This notice reflected the requirements of 18 U.S.C. § 983(a)(4)(A) and (B), which require that when the government files a judicial forfeiture complaint, a person claiming an interest may file a claim pursuant to the Supplemental Rules not later than 30 days after the date of service of the complaint or after the date of final publication, and shall file an answer not later than 20 days after the date of the filing of the claim. It also complied with the requirements of Supp. R. G(4).

On July 10, 2003, claimants Augustina Arroyo and Jose Maria Arroyo, Sr., filed in pro se status an out-of-order answer to the verified complaint. (Doc. 4.) In the answer, claimants claimed that the money was not subject to forfeiture; they contended that their son, who made statements to law enforcement connecting claimants to drug activity, was mentally challenged, and they denied their involvement in drug activity; and they alleged that the delay in bringing the forfeiture action after seizure was a deprivation of due process of law. (Ans. at pp. 1-2.)

1    Plaintiff sent two communications advising the claimants

2  that a verified claim pursuant to Supp. Rule C(6)[1] had to be

3  filed: a first-class letter dated December 22, 2003, to claimants

4  at the address listed on their claim, which was returned

5  unclaimed (Borchers Decl. ¶ 4, Ex. B); and on January 20, 2004, a

6  first-class letter to claimant Jose Arroyo, Sr., at North Kern

7  County State Prison, which requested an updated mailing address

8  since mail was being returned (id., ¶ 5, Ex. C).

9    Attorney Eric Hamilton contacted the government on February

10 24, 2004, stating he intended to take over the Arroyos' case and

11 asked if he could file claims for both even though they were

12 late; no claims were ever filed. (Id., ¶ 6.) On March 11, 2004,

13 attorney Phil Burdette called the government and stated that

14 although he was not technically representing the Arroyos, they

15 would be filing a claim.

16    Borchers declares that on March 15, 2004, claimant Augustina

17 contacted the United States and settled the forfeiture matter for

18 $1,500.00; on March 17, 2004, the government sent her a

19 stipulation for final judgment of forfeiture with a cover letter

20 written in both English and Spanish. (Decl. ¶ 8, Ex. D).

21    On April 15, 2004, claimant Augustina filed a claim and

22 verification in propria persona. (Doc. 9.) Borchers declares that

23 no claim was ever filed or received on behalf of Jose Maria

24 Arroyo, Sr. Further, Borchers declares that to date she has not

25 received any request from any counsel requesting an extension to

26

27    [1] Effective December 1, 2006, Supp. R. C was amended to reflect the adoption of Supp. R. G to govern the
procedure in forfeiture actions. Supp.R. G(5) requires that the claim must be field within the time directed by the
28 notice as outlined in Rule G(4)(b). Supp. R. C had a similar provision in Rule C(6).

1   file a verified claim or notice that a verified claim had been
2   filed on his behalf. (Decl. ¶ 10.) Further, Elisa M. Maguire, a
3   paralegal assigned to the forfeiture action, declares that after
4   claimant Jose Maria Arroyo received through his attorney notice
5   of the action, he filed an answer but no claim, and his time to
6   file a claim has expired. (Req. for entry of default, Maguire
7   Decl. ¶¶ 5-6.)

8       Borchers states in the memorandum that on May 27, 2007, a
9   stipulation for final judgment of forfeiture was entered into by
10  the Plaintiff and claimant Augustina Arroyo (Memo., statement of
11  facts, p. 3, ll. 25-27.) The stipulation for final judgment is
12  attached to the motions in this case (Doc. 32-3), and it purports
13  to be between claimant Augustina, claimant Jose Maria Arroyo,
14  Sr., and Plaintiff; however, only claimant Augustina signed the
15  stipulation. It notes that the parties have agreed that $1,500.00
16  will be returned to claimants, and the remainder, $10,418.00,
17  will be forfeited to the United States. (Stip. ¶ 6.) It is
18  followed by a final judgment of forfeiture, in which the terms of
19  the stipulation are set forth, and all right, title, and interest
20  in the remaining currency is forfeited to the Plaintiff.

21              2. <u>Legal Effect of Failure to File a Claim</u>

22      Supp. R. G(8) expressly provides for a motion to strike a
23  claim or answer for failing to comply with Rule G(5), or because
24  the claimant lacks standing.

25      Granting a motion to strike an answer is appropriate for one
26  who does not file a claim in compliance with the pertinent rules.
27  <u>United States v. $38, 570 U.S. Currency</u>, 950 F.2d 1108, 1112-15
28  (5th Cir. 1992) (upholding the granting of a motion to strike

under former Supplemental Rules where the claimant had
constructive notice that the time for filing a claim had begun to
run, and he filed an answer and then an untimely claim); United
States v. $50,200.00 in U. S. Currency, 76 F.Supp.2d 1247 (D.Wyo.
1999) (granting a motion to strike an answer where the claimants
had failed to file a timely verified claim contrary to the
express requirements of the rules and where there were no
mitigating factors, good faith attempt to file a timely claim,
detrimental reliance on misinformation from a governmental
agency, or expenditure of considerable resources in preparing the
case for trial). In the Ninth Circuit, several policies support
the requirement of strict compliance with the Supplemental Rules
in filing a claim, including the need to inform the Court that
there is a claimant to the property who wants it back and intends
to defend it, to avoid waste or unnecessary expenditure of
judicial resources, and to further the important interest in the
finality of judgments ultimately entered. See, United States v.
Real Property, 135 F.2d 1312, 1317 (9th Cir. 1998).

        Here, the claimant was given repeated opportunities to file
a claim but did not do so. Despite repeated reminders, neither
claimant nor any counsel for claimant has undertaken any effort
to file a claim. The claimant was notified clearly of the
government's intention to move to strike the answer; however, the
claimant did not file a claim. Because claimant was served with
notice of the action on June 17, 2003, he was required to file a
verified claim on or before July 18, 2003. There has been no
compliance with the requirements of the governing Supplemental
Rules.

11

The Court finds no mitigating factors, good faith attempt to file a timely claim, detrimental reliance on misinformation from a governmental agency, or expenditure of considerable resources in preparing the case for trial. The policies favoring timely disposition of assets, judicial economy, and finality of judgments support application of a rule of strict compliance here.

A claimant in a civil forfeiture case must establish both Article III standing and statutory standing. United States v. One 1985 Cadillac Seville, 866 F.2d 1142, 1148 (9th Cir. 1989). One who does not file a verified claim pursuant to the Supplemental Rules lacks standing in the forfeiture action. United States v. Real Property, 135 F.2d 1312, 1316-1318 (9th Cir. 1998) (citing additional authority from the First, Fifth, Second, and Eighth circuits). Accordingly, the answer is immaterial and impertinent, and should be stricken.

Therefore, it will be recommended that Plaintiff's motion to strike the answer of claimant Jose Maria Arroyo, Sr., be granted, and the answer of claimant Jose Maria Arroyo, Sr., be stricken.

II. Motion for Default Judgment

A. Default Judgment

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where (1) the defendant has been served with the claim; (2) the defendant's default has been entered for failure to appear; (3) if the defendant has appeared in the action, the defendant has been served with written notice

1  of the application for judgment at least three days before the

2  hearing on the application; and, (4) the court has undertaken any

3  necessary and proper investigation or hearing in order to enter

4  judgment or carry it into effect. Fed. R. Civ. P. 55(b); <u>Alan</u>

5  <u>Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th

6  Cir. 1988). Factors that may be considered by courts in

7  exercising discretion as to the entry of a default judgment and

8  as to setting aside a default include the nature and extent of

9  the delay, <u>Draper v. Coombs</u>, 792 F.2d 915, 924-925 (9th Cir.

10 1986); the possibility of prejudice to the plaintiff, <u>Eitel v.</u>

11 <u>McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of

12 plaintiff's substantive claim, <u>id.</u>; the sufficiency of the

13 allegations in the complaint to support judgment, <u>Alan Neuman</u>

14 <u>Productions, Inc.</u>, 862 F.2d at 1392; the amount in controversy,

15 <u>Eitel v. McCool</u>, 782 F.2d at 1471-1472; the possibility of a

16 dispute concerning material facts, <u>id.</u>; whether the default was

17 due to excusable neglect, <u>id.</u>; and, the strong policy underlying

18 the Federal Rules of Civil Procedure that favors decisions on the

19 merits, <u>id.</u>

20     With respect to default judgments in proceedings that are in

21 rem actions for forfeiture, both the general Federal Rules of

22 Civil Procedure and the Supplemental Rules for Certain Admiralty

23 and Maritime Claims (Supp. R.) apply, but the latter rules

24 prevail if there is an inconsistency. Supp. R. A(1). Supp. R.

25 G(1) provides that the rule governs a forfeiture action in rem

26 arising from a federal statute; to the extent that Rule G does

27 not address an issue, Supp. Rules C and E also apply.

28                    1. <u>Notice</u>

a. <u>Legal Standards</u>

The provisions of Rule G(4) with respect to notice are as follows:

(4) Notice.

(a) Notice by Publication.

(i) When Publication Is Required. A judgment of
forfeiture may be entered only if the government has
published notice of the action within a reasonable time
after filing the complaint or at a time the court orders.
But notice need not be published if:
        (A) the defendant property is worth less than $1,000
and direct notice is sent under Rule G(4)(b) to every
person the government can reasonably identify as a
potential claimant; or
        (B) the court finds that the cost of publication
exceeds the property's value and that other means of
notice would satisfy due process.

(ii) Content of the Notice. Unless the court orders
otherwise, the notice must:
        (A) describe the property with reasonable
particularity;
        (B) state the times under Rule G(5) to file a
claim and to answer; and
        (C) name the government attorney to be served
with the claim and answer.

(iii) Frequency of Publication. Published notice
must appear:
        (A) once a week for three consecutive weeks; or
        (B) only once if, before the action was filed,
notice of nonjudicial forfeiture of the same property
was published on an official internet government
forfeiture site for at least 30 consecutive days,
or in a newspaper of general circulation for three
consecutive weeks in a district where publication is
authorized under Rule G(4)(a)(iv).

(iv) Means of Publication. The government should select
from the following options a means of publication
reasonably calculated to notify potential claimants
of the action:
        (A) if the property is in the United States,
publication in a newspaper generally circulated in the
district where the action is filed, where the property
was seized, or where property that was not seized is
located;
        (B) if the property is outside the United States,
publication in a newspaper generally circulated in a
district where the action is filed, in a newspaper
generally circulated in the country where the property
is located, or in legal notices published and generally

14

circulated in the country where the property is located;
or
        (C) instead of (A) or (B), posting a notice on an
official internet government forfeiture site for at
least 30 consecutive days.

    (b) Notice to Known Potential Claimants.

    (i) Direct Notice Required. The government must send
    notice of the action and a copy of the complaint to any
person who reasonably appears to be a potential claimant
    on the facts known to the government before the end of
    the time for filing a claim under Rule G(5)(a)(ii)(B).

    (ii) Content of the Notice. The notice must state:
        (A) the date when the notice is sent;
        (B) a deadline for filing a claim, at least 35
    days after the notice is sent;
        (C) that an answer or a motion under Rule 12
    must be filed no later than 20 days after filing
    the claim; and
        (D) the name of the government attorney to be
    served with the claim and answer.

    (iii) Sending Notice.
        (A) The notice must be sent by means reasonably
    calculated to reach the potential claimant.
        (B) Notice may be sent to the potential claimant
    or to the attorney representing the potential claimant
    with respect to the seizure of the property or
    in a related investigation, administrative forfeiture
    proceeding, or criminal case.
        (C) Notice sent to a potential claimant who is
    incarcerated must be sent to the place of incarceration.
        (D) Notice to a person arrested in connection with
    an offense giving rise to the forfeiture who is not
    incarcerated when notice is sent may be sent to
    the address that person last gave to the agency
    that arrested or released the person.
        (E) Notice to a person from whom the property
    was seized who is not incarcerated when notice is sent
    may be sent to the last address that person gave to
    the agency that seized the property.

    (iv) When Notice Is Sent. Notice by the following means
    is sent on the date when it is placed in the mail,
    delivered to a commercial carrier, or sent by
    electronic mail.
    (v) Actual Notice. A potential claimant who had
    actual notice of a forfeiture action may not oppose
    or seek relief from forfeiture because of the government's
    failure to send the required notice.

Supp. R. G(4).

1

2    The provisions of Supp. R. G(4) have been set forth. Rule C

3 previously required publication, as does Local Rule A-530.

4    Local Rule A-540(a) requires that a party seeking a default

5 judgment in an action in rem shall show to the satisfaction of

6 the Court that due notice of the action and arrest of the

7 property has been given by publication pursuant to Local Rule

8 A-530, and by personal service on the person having custody of

9 the property or on the person having custody prior to its

10 possession by a law enforcement agency or officer, and by

11 personal service or by certified mail, return receipt requested,

12 to every other person who has not appeared in the action and is

13 known to have an interest in the property; provided that failure

14 to give actual notice to such other person may be excused upon a

15 satisfactory showing of diligent efforts to give such notice

16 without success.

17    The Due Process Clause of the Fifth Amendment, which confers

18 a right to notice and an opportunity to be heard, requires that

19 with respect to known owners of the property whose whereabouts

20 are known, the government must employ such notice as is

21 reasonably calculated under all of the circumstances to apprise

22 the person of the pendency of the forfeiture. United States v.

23 Real Property, 135 F.3d 1312, 1315 (9th Cir. 1998); Dusenbery v.

24 United States, 534 U.S. 161, 168 (2002) (holding that sending

25 certified mail to the custodial institution where the party was

26 being held as well as to the residence where the arrest occurred,

27 and the address in the town where his mother lived, satisfied due

28 process even though it did not result in actual notice to the

16

1  person).

2                          b. <u>Analysis</u>

3      Here, as previously noted, the pertinent returns and

4  documents reveal that after the complaint was filed on May 23,

5  2003, arrest of the property occurred on June 20, 2003, and

6  complied with the requirements of Supp. R. G(3)(b) and (c).

7  (Decl. of marshal dated June 20, 2003, document following

8  document 3 in the docket.)

9      Notice of the action, containing all the contents required

10  by Supp. R. G(4) [description of the property, the time to file a

11  claim, name of the government attorney to be served with the

12  claim and answer], was published on August 15, 22, and 29, 2003,

13  in the <u>Visalia Times Delta</u>, a newspaper of general circulation;

14  thus, the publication met the requirements of Supp. R. G(4)(a)

15  [once a week for three consecutive weeks].

16      Further, direct notice of the action was effectively given

17  to the claimant as a known potential claimant when in June 2003,

18  the complaint, warrant and summons for arrest, notice concerning

19  availability of a Magistrate Judge, other notices, and letter

20  dated June 17, 2003, were served by certified mail on claimant's

21  counsel, Antonio A. Reyes. (Decl. of Borchers, Ex. A, letter and

22  signed receipt bearing date of June 18, 2003.) The notice was of

23  a type permitted by Supp. R. G(4)(b). The warrant, summons, and

24  letter informed him that a verified claim had to be filed with

25  the Court within thirty days of receipt of the letter, and an

26  answer filed within twenty days of the filing of the claim. (<u>Id.</u>)

27  This notice reflected the requirements of 18 U.S.C. §

28  983(a)(4)(A) and (B), which require that when the government

1 files a judicial forfeiture complaint, a person claiming an
2 interest may file a claim pursuant to the Supplemental Rules not
3 later than 30 days after the date of service of the complaint or
4 after the date of final publication, and shall file an answer not
5 later than 20 days after the date of the filing of the claim. It
6 also complied with the requirements of Supp. R. G(4).

7     Although claimants Augustina Arroyo and Jose Maria Arroyo,
8 Sr., filed in pro se status an out-of-order answer to the
9 verified complaint (Doc. 4), the Court will recommend that this
10 answer be stricken. No claim was filed on behalf of potential
11 claimant Jose Maria Arroyo, Sr. (Borchers Decl., ¶ 10, Maguire
12 Decl., ¶¶ 5-6.)

13     As detailed in the foregoing discussion concerning the
14 motion to strike the answer, it appears that claimant Augustina
15 Arroyo has entered into a settlement of this matter with the
16 government, and Jose Maria Arroyo, Sr., is the only person known
17 to be a potential claimant.

18     Finally, Maguire declares that to the best of her knowledge,
19 Jose Maria Arroyo, Sr., is not an infant, incapacitated person,
20 or member of the military service within the meaning of the
21 Soldiers and Sailors Civil Relief Act; the Court notes that since
22 2003, the statute has been named the "Servicemembers Civil Relief
23 Act." 50 App. § 501, Pub.L. 108-189, § 1, 117 Stat. 2835.

24     Accordingly, the Court concludes that adequate notice of the
25 action was given to Jose maria Arroyo, Sr., and that he failed to
26 respond.

27     Because the answer that was previously filed has now been
28 stricken, it appears to be proper to enter default. The Court

notes that even before the answer was stricken, the clerk entered default as to claimant Jose Maria Arroyo, Sr. (Docket entry 31, July 10, 2007.)

## 2. Legal Sufficiency of the Complaint

### a. Legal Standard

A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392. Thus, well pleaded factual allegations, except as to damages, are taken as true; however, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default. Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

### b. Analysis

Title 21 U.S.C. § 881(a)(6) provides for the forfeiture of money that is furnished or intended to be furnished by any person in exchange for a controlled substance, that constitutes proceeds traceable to such an exchange, or that is used or intended to be used to facilitate any violation of the laws governing controlled substances.

Title 21 U.S.C. § 881(b) provides that any such property may be seized by the Attorney General in the manner set forth in 18 U.S.C. § 981(b). Section 981(b)(2) provides that property subject to forfeiture shall be seized upon process issued pursuant to the Supplemental Rules for certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over

19

the property, or by other specified means.

Title 18 U.S.C. § 983(c) provides :

        (c) Burden of proof.--In a suit or action brought
    under any civil forfeiture statute for the civil
    forfeiture of any property–
        (1) the burden of proof is on the Government to
    establish, by a preponderance of the evidence, that the
    property is subject to forfeiture;
        (2) the Government may use evidence gathered after
    the filing of a complaint for forfeiture to establish,
    by a preponderance of the evidence, that property is
    subject to forfeiture; and
        (3) if the Government's theory of forfeiture is
    that the property was used to commit or facilitate the
    commission of a criminal offense, or was involved in
    the commission of a criminal offense, the Government
    shall establish that there was a substantial connection
    between the property and the offense.

It is recognized that the government under the Civil Asset

Forfeiture Reform Act of 2000 (CAFRA) must establish forfeiture

by a preponderance of the evidence. 18 U.S.C. § 983(c)(1); United

States v. Real Property Located at 5208 Los Franciscos Way, 385

F.3d 1187, 1193 (9th Cir. 2004).

    The complaint was brought to forfeit the currency pursuant

to 21 U.S.C. § 881. The complaint alleged a claim for civil

forfeiture in rem of the Defendant currency, which was seized on

January 19, 2003, and adopted for forfeiture by the Drug

Enforcement Administration (DEA) after a search by the Tulare

County Sheriff's Department of the residence of Jose Maria Arroyo

and Augustina Arroyo. It was alleged that the currency had been

furnished or intended to be furnished in exchange for a

controlled substance, or was proceeds thereof, or had been used

or intended to be used to facilitate a violation of the statutes

pertaining to controlled substances. (Cmplt. pp 2-4.) It was

alleged that claimant Jose Maria Arroyo, Sr., sold

methamphetamine to a confidential informant, and thereafter there was found in Arroyo's residence several plastic bags each containing fifty smaller bindles of a pink rock-like substance with a total weight of 94.6 grams; over $9,000.00 of the currency was found in claimant's bedroom under the bed, and over $2,000 was found in his pocket. All people in the house interviewed denied knowledge of the funds except for Jose Maria Arroyo, Sr., who stated that it was his cash. Arroyo's son stated that he knew what his father was doing, it was wrong, and all the cash came from his father's sale of the pink rocks to people who came to the house at all hours to buy it. (Cmplt. pp. 2-4.)

The claimant was tied to the funds by allegations that he sold methampetamine in an undercover buy before the money was seized, the other drugs packaged for sale that were found in areas in his control, the large amounts of cash involved, and the hidden condition of the cash. These facts provide a substantial connection between the money and illegal drug activity. The facts alleged in the complaint permit a conclusion by a preponderance of the evidence that the money constituted proceeds or moneys used to facilitate drug sales. See, United States v. Funds in Amount of Thirty Thousand Six Hundred Seventy Dollars in United States Funds, 403 F.3d 448 (7th Cir. 2005) (permitting an evaluation of all evidence, including statements, inconsistent statements, suspicious activity, travel arrangements, hiding of currency, large amount of currency, and inconsistency with financial information given by the suspect in connection with tax reporting in determining whether a substantial connection between the property and drug-related activity had been established).

1  Accordingly, the complaint for forfeiture is legally
2  sufficient.

3              3. <u>Discretionary Factors</u>

4      Here, only the other claimant, who has previously entered
5  into a settlement with the Plaintiff, has claimed an interest in
6  the property or otherwise responded to the complaint despite
7  adequate notice. It does not appear that there is any risk of
8  mistake or excusable neglect on the part of anyone with a
9  potential interest in the property or of a dispute as to a
10 material fact essential to the government's case. No just cause
11 for delay appears. It is apparent from the declarations submitted
12 to the Court that there is no basis for a finding that the
13 potential claimant is an infant, incompetent, or member of the
14 armed services. There does not appear to be any reason why the
15 general policy in favor of a decision on the merits would warrant
16 refusing to enter the requested default judgment.

17     Plaintiff has established that the only other claimant or
18 potential claimant to the Defendant property has entered into a
19 stipulation for final judgment.

20     Accordingly, the Court finds that Plaintiff has shown its
21 entitlement to a default judgment of forfeiture.

22     III. <u>Recommendation</u>

23     Accordingly, it IS RECOMMENDED that

24     1) Plaintiff's motion to strike the answer of claimant Jose
25 Maria Arroyo, Sr., BE GRANTED, and

26     2) The Clerk BE DIRECTED to strike the answer of claimant
27 Jose Maria Arroyo, Sr., filed on November 20, 2006; and

28     3. Plaintiff's motion for default judgment against claimant

1  Jose Maria Arroyo, Sr., BE GRANTED; and

2      4. Plaintiff IS ENTITLED TO, and the Clerk BE DIRECTED TO

3  ENTER, a judgment that condemns and forfeits the interests of all

4  claimants and potential claimants, including claimant Jose Maria

5  Arroyo, Sr., in the Defendant currency to the United States of

6  America pursuant to 21 U.S.C. § 881(a)(4), and which recognizes

7  that all persons claiming any right, title, or interest in or to

8  the Defendant property have DEFAULTED and no longer have any

9  right, title, or interest in the Defendant property whatsoever;

10 and

11     5. The Clerk of the Court ENTER final judgment of forfeiture

12 for Plaintiff United States of America.

13     These findings and recommendation are submitted to the

14 United States District Judge assigned to the case, pursuant to

15 the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of

16 the Local Rules of Practice for the United States District Court,

17 Eastern District of California. Within **thirty (30) days** after

18 being served with a copy, any party may file written objections

19 with the court and serve a copy on all parties. Such a document

20 should be captioned "Objections to Magistrate Judge's Findings

21 and Recommendation." Replies to the objections shall be served

22 and filed within ten (10) court days (plus three days if served

23 by mail) after service of the objections. The Court will then

24 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

25 (b)(1)(C). The parties are advised that failure to file

26 objections within the specified time may waive the right to

27 appeal the District Court's order. Martinez v. Ylst, 951 F.2d

28 1153 (9th Cir. 1991).

1  IT IS SO ORDERED.

2  **Dated:**    **August 22, 2007**                    **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28