IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:03-CV-05679-AWI-SMS |
|        Plaintiff, ) | |
| ) | DEFAULT JUDGMENT OF |
|   v. ) | FORFEITURE AND FINAL JUDGMENT FOR FORFEITURE |
| $11,918.00 IN U.S. CURRENCY, ) | |
|        Defendant. ) | |

    1.    This is a civil forfeiture action against the defendant $11,918.00 in U.S. Currency (hereafter "defendant currency").

    2.    A Verified Complaint for Forfeiture *In Rem* was filed on May 23, 2003, seeking the forfeiture of the defendant currency, alleging said currency constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq.*, and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

    3.    On May 23, 2003, in accordance with the Warrant and Summons for Arrest *In Rem*, the defendant currency was arrested on June 20, 2003.

    4.    On August 15, 22, and 29, 2003, a Public Notice of Arrest of the defendant currency appeared by publication in the Visalia Delta-Times, a newspaper of general circulation in the county in which the defendant currency was seized (Tulare County). The Proof of Publication was filed with the court on September 29, 2003.

    5.    In addition to providing notice by publication, actual notice was served by certified mail upon Attorney Antonio C. Reyes, counsel accepting service on behalf of Jose Maria Arroyo,

1  Sr. and Agustina Arroyo.

2      6.    On July 10, 2003, Potential Claimant Jose Maria Arroyo, Sr. (hereafter "Potential
3  Claimant") and Agustina Arroyo (hereafter "Claimant") filed and out-of-order Answer.

4      7.    On December 22, 2003, the Government sent correspondence to both Potential
5  Claimant and Claimant stating that a claim verified by the claimant must be filed pursuant to
6  Supplemental Rules for Admiralty and Maritime Claims Rule C(6) and that a sample claim would
7  be provided to help prepare their claim[1]. On January 20, 2004, after receiving the 12/22/03 letter
8  as unclaimed, the Government sent additional correspondence to Potential Claimant at the North
9  Kern County State Prison and advised of the statutory requirement of filing a verified claim.

10      8.    On April 15, 2004, Claimant Agustina Arroyo filed a Claim and Verification. No
11  claim was ever filed by Potential Claimant Jose Maria Arroyo, Sr.

12      9.    On May 27, 2007, a Stipulation for Final Judgment of Forfeiture was entered into
13  by the United States of America and Claimant Agustina Arroyo.

14      10.    On August 22, 2007, the Government's Motion to Strike Claimant Jose Maria
15  Arroyo, Sr.'s Answer to Complaint and Motion for Default Judgment was vacated by the Court and
16  taken submission by Magistrate Judge Sandra M. Snyder.

17      11.    No written opposition to the Government's motion having been filed, and good
18  cause appearing, the Court issued its Findings and Recommendations on Plaintiff's Motion to Strike
19  and Motion for Default Judgment ordered that the Answer of Potential Claimant filed November
20  20, 2006, be stricken pursuant to Rule G(8) and that a default judgment be entered for Plaintiff
21  United States of America. No written objection to the Court's August 27, 2007 Findings and
22  Recommendations was submitted and the Court adopted the Findings and Recommendations.
23  The Government applies for the entry of a default judgment pursuant to Rule 55(b)(2) of the Federal
24  Rules of Civil Procedure and Local Rule A-540(d) against Potential Claimant Jose Maria Arroyo,
25  Sr., and all other potential claimants.

26      The Court, having been duly advised of and having considered the matter, it is hereby

---

[1] Effective December 1, 2006, Rule C has been amended to reflect the adoption of Rule G to govern procedure in civil forfeiture actions. Rule G(5) requires that the claim must be filed within the time directed by the notice as outlined in Rule G(4)(b). Rule C had a similar provision in Rule C(6).

ORDERED AND ADJUDGED:

1. The Clerk shall file an Entry of Default as to Jose Maria Arroyo, Sr.

2. A judgment by default is hereby entered against any right, title, or interest in the defendant currency of Potential Claimant Jose Maria Arroyo, Sr.

3. A final judgment is hereby entered, forfeiting all right, title, and interest in the defendant currency to the United States of America, to be disposed of according to law, including all right, title, and interest of Jose Maria Arroyo, Sr., subject to the interest of Claimant Agustina Arroyo pursuant to the Stipulation for Final Judgment of Forfeiture filed on July 11, 2007.

4. That upon entry of this Default Judgment and Final Judgment of Forfeiture, $10,418.00 of the defendant$11,918.00 in U.S. Currency, together with any interest that may have accrued on that amount, seized on or about November 19, 2002, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

5. That upon entry of this Final Judgment of Forfeiture, but no later than 45 days thereafter, $1,500.00 of the defendant$11,918.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be returned to Claimant Agustina Arroyo at 41660 "I" Miller Avenue; Orosi, California 93647.

6. All parties shall bear their own costs and attorneys' fees, except as provided for herein.

IT IS SO ORDERED.

**Dated:   November 2, 2007**                /s/ Anthony W. Ishii
                                    UNITED STATES DISTRICT JUDGE